1  Devin H. Fok (SBN 256599)
   **DHF LAW, P.C.**
2  234 E. Colorado Blvd., 8th Floor
   Pasadena, CA 91101
3  Telephone: (310) 430-9933
   Facsimile: (818) 484-2023
4  devin@devinfoklaw.com

5  Joshua E. Kim (SBN 257260)
   A NEW WAY OF LIFE REENTRY PROJECT
6  9512 S. Central Ave.
   Los Angeles, CA 90002
7  Telephone: (323) 563-3575 Ext. 34
   Facsimile: (323) 563-3445
8  joshua@anewwayoflife.org

9  *Attorneys for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| **JESUS X. MIRAMONTES, on behalf of himself and all others similarly situated,**<br><br>        Plaintiff,<br>    vs.<br><br>**U.S. HEALTHWORKS. Inc. a California Corporation; and DOES 1-10 inclusive,**,<br><br>        Defendant. | No.: 2:15-cv-05689-SJO-AFM<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES** |

**PRELIMINARY STATEMENT**

1.   This is a consumer class action by Plaintiff JESUS X. MIRAMONTES on behalf of himself (individually as "Plaintiff") and all others similarly situated, (collectively as "Plaintiffs") against Defendant U.S. HEALTHWORKS ("HEALTHWORKS" or "Defendant") for violations of the Fair Credit Reporting

1

Act, 15 U.S.C. §§ 1681–1681x ("FCRA") and California Labor Code[1] §1024.5 and California Civil Code §1785.20.5.

2. When employers like HEALTHWORKS use consumer-background reports or "consumer reports" as a factor in their decision to hire, promote, reassign, or terminate employees, the FCRA imposes certain strictures on those employers. Specifically, the FCRA requires that an employer first disclose its intent to use a background report in its hiring decision and must obtain the prospective employee's written authorization to do so, and the employer's disclosure must be "in a document that consists solely of the disclosure." 15 U.S.C. § 1681b(b)(2)(A). HEALTHWORKS failed to meet this most-simple of requirements, as its disclosure of intent and authorization to use a background report also contained a purported release of the prospective employee's claims and does not consist solely of the disclosure.

3. The FRCA also imposes upon employers who use consumer reports to make hiring decisions the requirement that—before taking an adverse action—the employer provide the prospective employee with a copy of the report and a summary of the employee's FCRA rights. This is called a "pre-adverse action notice".

4. HEALTHWORKS failed to provide said notice to Plaintiff before taking adverse action against him on the basis of such report.

5. HEALTHWORKS also failed to provide Plaintiff with any notice required under 15 U.S.C. §1681b(b)(2)(A) relating to its intent to procure a consumer report outside of an inconspicuous statement nestled in the employment application that its job offer is contingent upon the successful completion of a background check.

---

[1] All state statutory references are to California unless otherwise specified.

6. Rather, the first time Plaintiff received any notice is after the employer had already taken adverse action where he was informed by phone that he would not be hired. He never saw a copy of his report until his attorney served a notice under Labor Code §432 and Civil Code §1786.16 requesting a copy of his employment application and background screening files.

7. HEALTHWORKS procured Plaintiff's report from a consumer reporting agency named ADP.

8. The consumer report contained not only criminal history information but also detailed credit information.

9. In a section entitled "Credit Report", ADP disclosed credit history information including collection accounts, credit accounts, and student loan accounts.

10. The employment position offered to Plaintiff was a non-exempt non-managerial and hourly position with no access to consumer financial information; no access to cash in excessive of $10,000; not conferred any authority as a named signatory or to execute any contracts or transfer any money on behalf of the employer.

11. Plaintiff was scheduled for an entry-level position and to be paid an hourly rate of $14.00 per hour.

12. HEALTHWORKS improperly sought, obtained, and considered such information in denying Plaintiff's employment in direct violation of California Labor Laws.

13. Plaintiff brings claims for these violations of the Labor Code, Civil Code, and the FCRA for himself and all individuals in the Classes described below.

//
//
//

## JURISDICTION AND VENUE

14. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331 and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367.

15. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

16. Plaintiff Miramontes is an adult individual who at all times relevant hereto resided in Los Angeles, California.

17. Defendant HEALTHWORKS is a California Corporation.

## APPLICABLE LAW

18. Section 1681b(b)(2)(A) of the FCRA regulates the conduct of persons who obtain a "consumer report" about employees or prospective employees as follows (with emphasis added):

> Except as provided in subparagraph (B) [in cases of a consumer applying for a position over which the Secretary of Transportation may establish qualifications], a *person* may not procure a *consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless* –
>
> a. a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and
>
> b. the consumer has authorized in writing (which authorization may be made on the document referred to in clause (a)) the procurement of the report by that person.

19. Section 1681b(b)(2)(A) therefore imposes upon Defendant the duty to provide a "clear and conspicuous" disclosure to prospective or current employees that a consumer report about them will be procured. Further, section 1681b(b)(2)(A) mandates that the disclosure must be limited only to a disclosure that a consumer report may be obtained for employment purposes and to the written authorization of the prospective or current employee; no other documents or provisions are allowed. Section 1681b(b)(2)(A) thus prohibits Defendant from including or obtaining other information as part of the disclosure such as a release or waiver of rights or by using multiple, conflicting documents to obtain the authorization.

20. Additionally, section 1681b(b)(3)(A) of the FCRA regulates the conduct of any person who uses a "consumer report" to take an adverse action against any employees or prospective employees as follows:

> Except as provided in subparagraph (B) [in cases of a consumer applying for a position over which the Secretary of Transportation may establish qualifications], in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates –
>
>     i.    a copy of the report; and
>
>     ii.    a description in writing of the rights of the consumer under this subchapter, as prescribed by the Federal Trade Commission under section 1681g(c)(3) of this title.

21. The purpose of section 1681b(b)(3)(A) is to provide a prospective or current employee a sufficient amount of time to review the consumer report, correct any inaccuracies, and to notify the prospective employer of these inaccuracies before an adverse action is taken.

22. Labor Code §1204.5(1) broad prohibits the procurement of employment credit checks except for certain enumerated circumstances not applicable here.

23. Civil Code §1785.20.5 also requires written notice to the consumer that a credit report will be used and the specific basis under subdivision (a) of Section

1024.5 of the Labor Code for use of the report. The notice shall also inform the person of the source of the report, and shall contain a box that the person may check off to receive a copy of the credit report.

24. No such notice was ever provided here.

## FACTUAL ALLEGATIONS

**A. Disclosure of Intent to Obtain Background Report Not in a "Stand Alone" Document and Not "Clear and Conspicuous"**

25. The FCRA defines a "consumer report" as "any written, oral, or other communication of *any information* by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, mode of living which is used or expected to be used for . . ." among other things "(B) employment purposes." (emphasis added).

26. The FCRA limits the use of consumer reports, including background reports like those at issue in this case, to only certain instances.

27. When an employer like Defendant chooses to screen applicants by using background reports, it subjects itself to the strictures of the FCRA.

28. The FCRA explicitly requires that the disclosure of an employer's intent to obtain a background report on an applicant be contained in a "stand alone" document, and that the authorization be "clear and conspicuous."

29. Defendant is a nationwide health provider that specializes in work-related injuries.

30. As part of its hiring process, Defendant discloses, in its standardized application that any contingent offer of employment will depend on a successful completion of background check.

6

31. On information and belief, job applicants throughout all of Defendant's locations does not provide a notice compliant with 15 U.S.C. §1681b(b)(2)(A) in that they do not receive clear and conspicuous disclosure that consists solely of the disclosure that a consumer report may be procured for employment purposes.

32. As part of the initial application process, Defendant includes the following print as part of its employment application:

> "I understand that any job offer is also contingent upon the successful completion of a background check to include motor vehicle report, credit report and criminal records report…"

33. No additional disclosure was ever provided to Plaintiff.

34. The above-described disclosure is in fine print and disclosed as a bullet item among other types of disclosures including disclosures related to post offer medical examination, drug test, verification of prior employment, certification of accuracy of disclosures in the employment application, etc.

35. The above-described disclosure is also part of a 7-page employment application and not a standalone disclosure as required under the FCRA.

**B. No Pre-Adverse Action Notice**

36. Separate from the requirement that employers use clear, stand-alone documents to obtain authorizations to procure background reports for employment uses, the FCRA also requires that employers provide consumers with notice before basing an adverse-employment action against consumers on information contained in those reports.

37. Defendant does not provide such notices to consumers prior to taking adverse action. Rather, the only notice consumers received is after their employment application has been denied.

7

38. Specifically, on June 5, 2014, Plaintiff was extended a formal written offer of employment contingent upon: 1) satisfactory drug screen results; 2) provision of documents of legal work status in the U.S. on the first day of work; and 3) satisfactory background check.

39. Plaintiff satisfactory passed his drug screen but his consumer report disclosed the existence of criminal history and adverse credit information.

40. Plaintiff is informed and believes and thereon alleges that on or after June 24, 2014, a representative from HEALTHWORKS called Plaintiff informing him that he would not be employed due to the contents of the consumer report.

41. Plaintiff never received a copy of the report and it was not until his attorneys made a request for information under Labor Code §432 and Civil Code §1786.16 that a copy of the report was disclosed, for the first time, on March 18, 2015, almost 9 months following the denial of his employment.

42. Defendant's conduct is a clear violation of 15 U.S.C. §1681b(b)(3) requiring notice and reasonable opportunity to dispute the information prior to taking adverse action against Plaintiff.

**C.     Facts Common to Plaintiff and Similarly Situated Consumers**

43. Plaintiff is informed and believes, and on that basis alleges that Defendant uses a standard application for all job applicants who wish to apply for employment with Defendant.

44. Plaintiff is informed and believes, and on that basis alleges that the standard application contains the disclosures as described in paragraph 32 above.

45. Plaintiff alleges that the process of disclosure described in paragraph 32 above was routinely used by Defendant for all or nearly all of its employment applicants.

8

46. Defendant procured consumer reports for Plaintiff and those similarly situated for employment purposes without first obtaining their written authorization to do so with a clear and conspicuous written disclosure in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes.

47. Plaintiff is informed and believes, and on that basis alleges that Defendant routinely failed to provide any pre-adverse action notice compliant with 15 U.S.C. §1681b(b)(3) prior to the taking of adverse action against consumers including the denial of employment.

48. This failure by Defendant to give any sort of notice before taking an adverse action against Plaintiff and other applicants violated a well-established FCRA requirement.

**D.  Defendant Acted Willfully**

49. Defendant's procedures and conduct were willful. They were carried out in the manner that Defendant intended and not by mere accident or mistake.

50. The statutory language and mandates restricting and governing Defendant's business have been in effect for decades.

51. Defendant's conduct was at least reckless in failing to make an appropriate and effective effort to ascertain the FCRA provisions governing its conduct.

52. Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in case law applying those provisions.

53. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA. Any reasonable employer knows about or can easily discover these mandates.

54. Despite at least the constructive knowledge of these legal obligations, Defendant acted consciously in breaching its known duties and depriving Plaintiff, and similarly situated individuals, of their rights under the FCRA.

55. Moreover, prior to procurement of any consumer report, an employer such as Defendant was required to certify to the consumer reporting agency that it has complied with the disclosure requirements as specified under 15 U.S.C. §1681b(b)(2)(A)(i) and that it will comply with the pre-adverse action notice requirements under §1681b(b)(3)(A).

56. As a result of these FCRA violations, Defendant is liable to Plaintiff and similarly situated individuals for statutory damages from $100 to $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) for the FCRA violations alleged herein, and for attorney's fees and costs pursuant to § 1681n and § 1681o.

57. Apart from the FCRA violations, Defendant is liable to Plaintiff and similarly situated individuals under the CCRAA for punitive damages of between $100 and $5,000 per Class Member as well as equitable relief pursuant to CAL. CIV. CODE § 1785.31(a)(2)(B), (b).

58. In the alternative to the Plaintiffs' allegations that these violations were willful, they allege that the violations were negligent and will seek certification of that issue.

59. Defendant was also well aware of California statutory requirements related to the procurement and use of credit reports. Despite this clear statutory duty, Defendant illegally procured credit reports and failed to provide Plaintiff, and those

similarly situated, notice relating to the statutory basis for which credit reports were procured.

## CLASS ACTION ALLEGATIONS

### A. The FCRA Class

60. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this action on behalf of himself and the following Class, initially defined as follows:

> All employees or prospective employees of Defendant residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report which was used by Defendant to make an employment decision during the FCRA statute of limitations period, 15 U.S.C. §1681p, next preceding the filing of this action and during its pendency.

### B. The FCRA Sub-Classes

61. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this action on behalf of himself and the following Sub-classes, initially defined as follows:

> a. All employees or prospective employees of Defendant residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report which was used by Defendant to make an employment decision during the FCRA statute of limitations period, 15 U.S.C. §1681p, next preceding the filing of this action and during its pendency, against whom Defendant took an adverse action based in whole or in part on information contained in the consumer report before providing a copy of the consumer report as required by the FCRA, 15 U.S.C. § 1681b(b)(3)(A)(i);
>
> b. All employees or prospective employees of Defendant residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report which was used by Defendant to make an employment decision during the FCRA statute of limitations period, 15 U.S.C. §1681p, next preceding the filing of this action and during its pendency, against whom Defendant took an adverse action based in whole or in part on information contained in the consumer report before providing a description in writing of the rights of the consumer under the FCRA, as required by the FCRA, 15 U.S.C. §1681b(b)(3)(A)(ii).

1 **D.     The California Labor Code Sub-Class**

2

3       62.     Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this action on behalf of himself and the following Sub-classes, initially defined as follows:

> All employees or prospective employees of Defendant residing in California who were the subject of a consumer credit report within the 2 year period from the filing of this action to the final resolution of this action who were not provided with the notice required under Civil Code §1785.20.5.

**E.     Application of Rule 23 to the Classes**

       63.     **Numerosity – FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

       64.     **Existence and Predominance of Common Questions of Law and Fact – FED. R. CIV. P. 23(a)(2) and (b)(3).** Common questions of law and fact exist as to all members of the Classes. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

              a.     Whether Defendant's employment application included a standalone document that contained only the "clear and conspicuous" disclosure mandated by section 1681b(b)(2)(A);

              b.     Whether Defendant's procedure violated section 1681b(b)(2)(A) by failing to make a "clear and conspicuous" disclosure in a document that consists solely of the disclosure;

12

      c.    Whether Defendant's standard procedure of denying employment without first providing the disclosures required by section 1681b(b)(3)(A) violated the FCRA;

      d.    Whether Defendant violated Civil Code §1785.20.5 by failing to provide the required notice prior to procuring credit reports on California employees;

      e.    Whether Defendant knowingly and intentionally acted in conscious disregard of the rights of consumers.

65. **Typicality – F**ED**. R. C**IV**. P. 23(a)(3).** Plaintiff's claims are typical of the claims of each Class Member. For class certification purposes, Plaintiff seeks only statutory and punitive damages. Plaintiff would only seek individual or actual damages if class certification is denied. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Classes.

66. **Adequacy of Representation – F**ED**. R. C**IV**. P. 23(a)(3).** Plaintiff is an adequate representative of the Classes because his interests coincide with, and are not antagonistic to, the interests of the members of the Classes he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. FED. R. CIV. P. 23(a)(4). Plaintiff and his Counsel will fairly and adequately protect the interests of members of the Classes.

67. **Superiority – Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the Class Members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. FED. R. CIV. P. 23(b)(3). The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Classes individually to redress effectively the wrongs done to them. Even if the members of the Classes themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore,

13

individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

68. **Injunctive Relief Appropriate for the Class.** Class certification is appropriate because Defendant has acted on grounds generally applicable to the Classes, making appropriate equitable injunctive relief with respect to Plaintiff and the Class Members. FED. R. CIV. P. 23(b)(2); *see* CAL. CIV. CODE § 1785.31(b).

## CLAIMS FOR RELIEF

### COUNT I—VIOLATION OF FCRA SECTION 1681b(b)(2)(A)(i)

69. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

70. Defendant willfully violated the FCRA, 15 U.S.C. § 1681b(b)(2)(A)(i), because it failed to provide a clear and conspicuous written disclosure in a document that consists solely of the disclosure to applicants and employees that a consumer report may be obtained for employment purposes.

71. Plaintiff seeks statutory damages for himself and all others similarly situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

72. Plaintiff seeks punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

73. In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seeks issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. § 1681o.

## COUNT II—VIOLATION OF FCRA SECTION 1681b(b)(3)(A)(i)

74. Defendant willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A)(i), because it failed to provide a copy of the consumer report used to make an employment decision to Plaintiff and all other similarly situated applicants and employees before taking an adverse action that was based in whole or in part on that report.

75. Plaintiff seeks statutory damages for himself and all others similarly situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

76. Plaintiff seeks punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

77. In the alternative to the Plaintiff's allegations that these violations were willful, they allege that the violations were negligent and seek issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. §1681o.

## COUNT III—VIOLATION OF FCRA § 1681b(b)(3)(A)(ii)

78. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

79. Defendant willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A)(ii), because it failed to provide Plaintiff and all other similarly situated applicants and employees the summary of rights required by this section of the FCRA before taking an adverse action that was based in whole or in part on a consumer report.

80. Plaintiff seeks statutory damages for themselves and all others similarly situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

81. Plaintiff seeks punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

82. In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seek issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. §1681o.

## COUNT IV—VIOLATION OF CIVIL CODE §1785.20.5

83. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

84. Defendant willfully violated the Civil Code §1785.20.5, because procured and/or obtained consumer credit reports without providing the required notice.

85. Plaintiff seeks statutory damages including treble damages for himself and all others similarly situated for this violation pursuant to Civil Code §1785.31.

## COUNT V—VIOLATION OF CALIFORNIA LABOR CODE §1024.5

86. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

87. Defendant willfully and/or negligently violated California Labor Code §1024.5 by obtaining a credit report for a position not enumerated as an exception under Cal. Lab. C. §1024.5.

88. The credit report was completed on or about Friday June 20, 2014.

89. Plaintiff is informed and believes and thereon alleges that he was informed that the written offer of employment was revoked on or after the following Monday on June 24, 2014.

90. The credit report was never provided to Plaintiff until March 18, 2015 following Plaintiff's counsel's February 23, 2015 file request made pursuant to Cal. Lab. C. §432, Cal. Civ. C. §1786.16 and 15 U.S.C. §1681g.

91. Plaintiff provided notice by certified mail to the Labor and Workforce Development Agency and the employer in compliance with Cal. Lab. C. §2699.3 on June 22, 2015 and within the applicable statute of limitations under Cal. Code Civ. Proc. §340(a),

92. Pursuant to Cal. Lab. C. §2699.3(c), Plaintiff hereby commences the instant action following the 33-day safe harbor period for an employer to cure the violation. As of the date of the filing of this Complaint, no notice of cure has been provided by Defendant pursuant Cal. Lab. C. §2699.3(c)(2)(A).

93. Plaintiff timely commenced this action pursuant to Cal. Lab. C. §2699.3(d) [*see also Moreno v. Autozone, Inc.*, 2007 U.S. Dist. LEXIS 43873 (N.D. Cal. June 5, 2007) ["Section 2699.3(d) is clearly intended to toll the limitations period for bringing a civil action to recover PAGA penalties while the plaintiff is pursuing administrative remedies."]).

94. Moreover, because the 33-day period falls within a Saturday, the statute of limitations for the filing of this Complaint is tolled pursuant to Cal. Civ. C. §12a(a).[2]

//
//
//

---

[2] See also FRCP Rule 6(a)(1)(B).

17

95. Plaintiff hereby brings a private cause of action pursuant to California's Private Attorney General's Act to recover civil penalties on behalf of those similarly situated.

Date: February 10, 2016

Respectfully submitted,

/s/ Devin H. Fok

Devin H. Fok (SBN 256599)
**DHF LAW**
234 E. COLORADO BLVD., 8TH FLOOR
PASADENA, CA 91101
TELEPHONE: (310) 430-9933
FACSIMILE: (818) 484-2023
DEVIN@DEVINFOKLAW.COM