Devin H. Fok (SBN 256599)
Joseph Lee, Of Counsel (SBN 249435)
**DHF LAW, P.C.**
234 E. Colorado Blvd., 8th Floor
Pasadena, CA 91101
Telephone: (310) 430-9933
Facsimile: (818) 484-2023
devin@devinfoklaw.com

Joshua E. Kim (SBN 257260)
**A NEW WAY OF LIFE REENTRY PROJECT**
9512 S. Central Ave.
Los Angeles, CA 90002
Telephone: (323) 563-3575 Ext. 34
Facsimile: (323) 563-3445
joshua@anewwayoflife.org

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS X. MIRAMONTES, individually, and as a representatives of the class,<br><br>　　　　Plaintiffs,<br>vs.<br><br>U.S. HEALTHWORKS, INC.; and DOES 1-10 inclusive,<br>　　　　Defendants. | CASE NO.: 2:15-CV-05689-SJO-AFM<br><br>**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND APPROVAL OF ENCHANCEMENT AWARD**<br><br>Judge: Hon. S. James Otero<br><br>Hearing Date: August 10, 2017<br>Time: 10:00 a.m.<br>Location: Courtroom 1, Spring Street |

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................1

I.  INTRODUCTION ..................................................................................................1

II. PROCEDURAL POSTURE AND SETTLEMENT DISCUSSIONS ..................2

III. THE REQUESTED FEES SHOULD BE GRANTED .......................................4

    A.  Legal Standard................................................................................................4

    B.  The Novelty and Difficulty of the Question Involved Make This Case Extremely Risky at its Inception................................................................................5

    C.  PROJECTED BENEFITS ARISING FROM THE SETTLEMENT................7

    D.  The Time and Labor Required Exceeds the Requested Amount .....................8

    E.  This Action Was Complex and Taken On a Contingency Fee Basis .............10

IV. THE COURT SHOULD AWARD THE REQUESTED EXPENSES ..............10

V.  THE COURT SHOULD GRANT AN INCENTIVE AWARD TO PLAINTIFF 11

VI. CONCLUSION .................................................................................................12

Case 2:15-cv-05689-SJO-AFM   Document 71   Filed 07/07/17   Page 3 of 16   Page ID #:761

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page**

*Beckman v. KeyBank, N.A.*
    293 F.R.D. 467 (S.D.N.Y. 2013)……………......................................................13
*Chakejian v. Equifax Info. Servs., Inc.*
    275 F.R.D. 201 (E.D. Pen.. 2011)……………......................................................9
*Delphi Corp. Sec., Derivative & "ERISA" Litig.*
    248 F.R.D. 483 (E.D. Mich. 2008)……………......................................................9
*Domonoske v. Bank of America, N.A.*
    790 F.Supp.2d 466 (W.D. Va. 2011)……………......................................................6
*In re Mercedes-Benz Tele Aid Contract Litig.*
    2011 WL 4020862 (D.N.J. Sept. 9, 2011)……………......................................................9
*McHugh v. Olympia Entm't, Inc.*
    37 F.App'x 730 (6th Cir. 2002)……………......................................................9
*Paul, Johnson, Alston & Hunt v. Graulty*
    886 F.2d 268 (9th Cir. 1989)……………......................................................4
*Resnick v. Fran (In re Online DVD-Rental Antitrust, Litig.)*
    779 F.3d 934 (9th Cir. Feb. 27, 2015)……………......................................................4
*Smith v. LexisNexis Screening Sols., Inc.*
    837 F.3d 604 (6th Cir. 2016)……………......................................................6
*Spano v. Boeing Co.*
    2016 WL 3791123 (S.D. Ill. Mar. 31, 2016)……………………………………..8
*Spokeo, Inc. v. Robins*
    136 S.Ct. 1540  (2016)……………......................................................1, 3, 5. 6
*Stanger v. China Elec. Motor, Inc.*
    812 F.3d 734 (9th Cir. 2016)……………......................................................4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff by and through his Class Counsel submits this motion for an award of attorney's fees and costs in an amount not to exceed 33 and 1/3% or $133,333.33 of the Settlement Fund and $13,632.80 in costs. A service award of $5,000 for the named Plaintiff and $22,500 for the class administrator. Class Counsel is mindful of the Ninth Circuit's benchmark of 25% of the common. However, Plaintiff believes that several factors warrant an upward adjustment from the benchmark.

From its inception, this case was extremely risky because there is no precedent for the consumer credit report claims brought by Plaintiff. The relevant provisions of the California Consumer Credit Reporting Agencies Act ("CCRAA") and California Labor Code became effective on January 1, 2012. To date, Class Counsel is aware of no substantive decision from any state or district court on these issues. Class Counsel is also unaware of any class settlement where similar claims have been resolved.

There was also a significant amount of uncertainty surrounding Plaintiff's Fair Credit Reporting Act ("FCRA") claims as the parties were waiting for the United States Supreme Court's decision in *Spokeo v. Robins*, 136 S.Ct. 1540 (2016) relating to a consumer's standing to bring FCRA claims in federal court. In order to recover statutory penalties, Plaintiff must also establish willful violations of the respective statutes. For the CCRAA claims, this Court also noted a requirement to establish actual damages which will render class certification difficult.

Nevertheless, Class Counsel was able to achieve a settlement that Class Counsel sincerely believes to be fair and reasonable. This believe appears to be shared by the class since there is less than a 0.1% opt-out rate and no objections. Class Counsel prosecuted this action on a contingency fee basis and advanced all fees and costs despite the above-stated risks. The named Plaintiff Mr. Jesus X.

Miramontes also selflessly advanced the interests of the class despite his desire to prosecute this action under a pseudonym. Although, Defendant was ultimately successfully in forcing Plaintiff to reveal his true identity, he nevertheless continued in this action in hope of changing Defendant's screening procedures. Additionally, had Mr. Miramontes prosecuted this action on an individual basis, he would likely have recovered more money.

Based on the foregoing, Class Counsel respectfully request this Court to grant Plaintiff's requested fees, costs, administration fees and an incentive award of $5,000 for Mr. Miramontes.

## II. <u>PROCEDURAL POSTURE AND SETTLEMENT DISCUSSIONS</u>

This action was initially filed on July 27, 2015 in this Court. Plaintiff initially used prosecuted this action under the pseudonym John Doe. Declaration of Jesus X. Miramontes ("Miramontes Decl."), P.1, ¶5. On or about November 10, 2015, Defendant filed its motion to dismiss attacking Plaintiff's use of a pseudonym. Docket#12.

Since the convictions at issue have been expunged prior to the filing of this lawsuit, Plaintiff was afraid that a google search would reveal his expunged convictions to prospective employers. Miramontes Decl., P.1, ¶5. Moreover, an employer who has discovered this class action lawsuit may also believe that he is litigious. *Id.*

Defendant's motion was granted on February 4, 2016 with leave to amend. Docket#24. After careful consideration, Plaintiff decided to forgo his anonymity and continued to maintain this action in his true name because he believed that stopping Defendant's practice of procuring consumer credit reports would benefit the public at large. Miramontes Decl. P.2, ¶8.

2

While the motion was pending, the parties discussed the potential for settlement. On or about March 9, 2016, Plaintiff served on Defendant an extensive informal discovery demand including, but not limited to: 1) job descriptions of all positions in California for which Defendant accepted an employment application during the class period; 2) class size information, including but not limited to, total number of employment applications during the class period; total number of employment applications in California for which Defendant procured a credit report; total number of applicants denied employment as a result of a background check report; and 3) all sample disclosure forms used during the class period. Plaintiff's counsel conditioned their willingness to participate in mediation based on his receipt of the requested document.

On or about April 14, 2016, Defendant provided responsive documents and Plaintiff analyzed the data including whether any of the positions fall within the enumerated exceptions of Cal. Lab. C. §1024.5(a) allowing Defendant to legally procure employment credit reports.

On May 17, 2016, the parties attended a full day of mediation with Mr. David A. Rotman in San Francisco. The parties were unable to resolve this case and settlement negotiations continued by phone following mediation.

One day prior to the parties' mediation and on May 16, 2016, the United States Supreme Court issued a ruling on a highly anticipated FCRA case in *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016) related to federal standing for claims brought under the FCRA which created significant amount of uncertainty in this case even after its decision. Accordingly, Plaintiff refiled a parallel action in state court to preserve the statute of limitations on Plaintiff's claims. Since, California state courts are courts of general jurisdiction, the issues of federal standing will have no impact on Plaintiff's class claims. The parallel action was subsequently removed by Defendant and consolidated with this case.

On or about July 5, 2016, the parties reached a tentative settlement agreement on most of the key terms. No discussion of Plaintiff's counsel's attorney's fees had been held. Plaintiff's attorney's fees of 33 and 1/3% and the smooth sailing provision was raised, for the first time at 11:48 p.m. on July 5, 2016 as one of the last items of discussion. The fee percentage and the smooth sailing provision were never discussed in the context of an exchange for any class member's rights. They were never used as a bargaining tool. Indeed, the Settlement Agreement specifically provides that the Settlement is not conditioned upon the outcome of the attorney's fee's award. Settlement Agreement ("SA"), §9.2, P. 15. No class member's rights, no matter how important or trivial were given up in exchange.

Plaintiff's motion for Preliminary Approval was filed on September 24, 2016. Docket#54. This Court conditionally granted Plaintiff's motion with a few noted reservations. They were subsequently addressed on March 28, 2017 where the Settlement Agreement and class notice was amended. *See* Order granting the same dated April 3, 2017. Docket#65. On July 3, 2017, the parties have also filed a Joint Statement addressing this Court's concerns.

### III. THE REQUESTED FEES SHOULD BE GRANTED

#### A. Legal Standard

"In a common fund case, such as this, the district court has the discretion to choose between either the lodestar or the percentage-of-fund methods when calculating fees." *Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 738 (9th Cir. 2016). "Because there is a strong presumption that the lodestar amount represents a reasonable fee, adjustments to the lodestar are the exception rather than the rule." *Id.* Internal citations and quotations omitted. Here, as fully set forth below, Plaintiff's

4

actual lodestar is 315.9 attorney hours spent totaling $157,285. This is greater than the fees requested.

"Under the percentage-of-fund method, the district court may award plaintiffs' attorneys a percentage of the common fund, so long as that percentage represents a reasonable fee." *Id.* The Ninth Circuit has set 25% of the fund as a "benchmark" under the percentage-of-fund method. *Id.* "That percentage amount can then be adjusted upward or downward to account for any unusual circumstances involved in this case." *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989). The relevant factors include: 1) the extent to which class counsel "achieved exceptional results for the class"; 2) whether the case was risky for class counsel; 3) whether counsel's performance generated benefits beyond the cash settlement fund; 4) the market rate for the particular field of law (in some circumstances), the burden class counsel experienced while litigating the case (e.g., cost, duration, foregoing other work), and 5) whether the case was handled on a contingency basis. *Resnick v. Fran (In re Online DVD-Rental Antitrust, Litig.)*, 779 F.3d 934 (9th Cir. Feb. 27, 2015).

### B. The Novelty and Difficulty of the Question Involved Make This Case Extremely Risky at its Inception

Plaintiff's claims regarding Defendant's illegal procurement of employment credit reports in violation of CCRAA, Cal. Civ. C. §1785.20.5 and Labor Code §1024.5 as well as the derivative PAGA action is the first of its kind. To date, Plaintiff's counsel is unaware of any action involving similar claims that have resulted in legal precedent or settlement. At the time this action was filed, the relevant legal statutes had been in existence for approximately three and a half years.[1]

---

[1] Both statutes became effective on January 1, 2012.

5

Accordingly, the issues were novel and Plaintiff and his counsel undertook significant risks to prosecute this action.

At the same time, the United States Supreme Court granted certiorari on *Spokeo v. Robins*, 742 F.3d 409 (9th Cir. Cal. 2014) and was considering the issue of federal standing in the context of the FCRA. The question in *Spokeo* was "[w]hether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of the a federal court, by authorizing a private right of action based on a bare violation of a federal statute." *See* Questions Presented, *Spokeo, Inc. v. Robins*, No. 13-1339 (U.S. April 27, 2015), *available at* www.supremecourt.gov/qp/13-01339qp.pdf. A defendant-friendly result in *Spokeo* could have significantly impacted this lawsuit. In the worst case scenario, it could have resulted in a dismissal.

*Spokeo* was issued the day prior to the parties' mediation which caused significant stress on the parties' ability to resolve this action. Moreover, Plaintiff was forced to file a parallel state court action to insulate the risk of an adverse ruling based on *Spokeo* by this Court as state courts are courts of general jurisdiction where the concept of federal standing do not apply. Had a settlement not been be reached in this case, the parties would have been mired in procedural motions with uncertain outcomes.

Plaintiff also faced risks on the substantive legal issues including willfulness for both the FCRA and the California claims. Unlike other consumer statutes, in order to recover statutory damages under the FCRA, Plaintiffs must prove not only that Defendant violated the FCRA, but also that Defendant's violations were willful. This is a very high standard, and one on which FCRA plaintiffs can lose, even after a successful verdict at trial. *See Smith v. LexisNexis Screening Sols., Inc.*, 837 F.3d 604, 611 (6th Cir. 2016) (reversing jury verdict, holding that consumer reporting agency's conduct did not constitute a willful violation of the FCRA); *Domonoske v. Bank of America, N.A.*, 790 F.Supp.2d 466, 476 (W.D. Va. 2011) ("[G]iven the difficulties of

proving willfulness or even negligence with actual damages [under the FCRA], there was a substantial risk of nonpayment.").

Plaintiff's California claims are even harder to prove. As this Court has stated in its preliminary approval order, "each class member will have to demonstrate actual injury before being entitled to punitive damages." Docket#57, P.11. Since a vast majority of the class members did not suffer any actual damages in the form of loss wages, this would defeat certifiability under Rule 23(b)(3). *See Id.* While Plaintiff continues to believe that they would have ultimately prevailed on each of these issues, he recognizes the inherent risk of litigation and potentially proceeding to trial. By agreeing to the Settlement, those risks are eliminated and participating class members will receive an excellent recovery.

### C. **PROJECTED BENEFITS ARISING FROM THE SETTLEMENT**

Despite these significant risks, Plaintiff's counsel was able to negotiate a settlement that is comparable if not exceed other FCRA settlements. Assuming that the attorney's fees, costs, plaintiff's awards, administration costs, and payment to the California Labor & Workforce Development Agency ("LWDA") is granted as requested, the net recovery of each individual class member will be a minimum of $36.61 per point allocation. *See* Declaration of Corinne Lefler Re: Notice Procedures ("Lefler Decl."), P. 3-4. The average per member allocation is approximately $41.81 with a maximum allocation of $475.93 for members belonging in multiple classes.

Based on the current allocation, all FCRA Disclosure Class members will receive a minimum of $36.61. All FCRA Notice Subclass members will receive a minimum of 11[2] points or $402.71. All CCRAA class members will receive a minimum 6 points or $219.66 and all PAGA class members will receive a minimum of 7 points or $256.67.

---

[2] They are necessarily also a member of the FCRA Disclosure Class.

7

As this Court noted in its preliminary approval order, this falls well within the range of other FCRA settlement. Docket#57, P.16-17. Moreover, Plaintiff is unaware of any class action where class members have received any class settlement based on an employer's violation of the CCRAA or its Labor Code or PAGA derivative. Accordingly, Plaintiff's counsel has achieved something that has not been done before.

In addition to the monetary relief, CCRAA class members will be entitled to receive a free copy of their consumer reports. Defendant has also agreed that for a period of no less than five years beginning on the date of final approval, Defendant will provide notice compliant with CCRAA, Cal. Civ. C. §1785.20.5 prior to procuring any consumer credit reports. Defendant must identify the specific enumerated exception for which a consumer credit report is allowed to be procured. This injunctive relief requires Defendant to engage in an individualized analysis as to whether the position sought falls within one of the enumerated exceptions under Cal. Lab. C. §1024.5. Therefore, Defendant can no longer conduct wholesale procurement of consumer credit reports on all applicants. Plaintiff's counsel believes that for all intents and purposes, this lawsuit has effectively stopped Defendant's practice of procuring consumer credit reports except for certain very limited purposes.

Finally, this settlement was well received by the class members. To date, there are only four opt-outs and no objections. Lefler Decl., P.3, ¶8. This represents less than .1% of all class members. Based on the foregoing, Plaintiff respectfully submits this action has conferred significant benefit to the class.

**D. The Time and Labor Required Exceeds the Requested Amount**

As of today, Mr. Devin H. Fok, the principal of DHF Law, P.C spent 85.2 hours in this action. Mr. Joseph Lee, an attorney working with his firm has spent 76.4 hours. Mr. Joshua E. Kim, one of the primary litigation attorneys at A New Way of

8

1 Life Reentry Project and is co-lead counsel of this matter with Mr. Fok spent 154.3
2 hours on this matter. The total attorney hours is therefore 315.9 hours. The billing
3 rate for each of the attorneys is $625, $425, and 450 respectively. The billing rates for
4 Mr. Fok and Mr. Kim have recently been approved on September 30, 2016 as
5 reasonable "compared to other rates this Court has seen in similar cases in this
6 community" by Judge Cynthia Bashant of the United States District Court, Southern
7 District of California in a similar FCRA action. *Watkins v. HireRight, Inc.*, 3:13-cv-
8 01432-BAS-BLM, Doc. #153, P.6. Judge Bashant found that "counsel is skillful and
9 experienced and negotiated an excellent result for the class, obtaining both monetary
10 and injunctive relief, and that the counsel obtained this relief despite raising a novel
11 legal issue and assuming significant up-front costs for bankruptcy counsel." *Id*.

12 Other courts have approved similar rates in FCRA class actions. *See e.g.*,
13 *Spano v. Boeing Co.,* 2016 WL 3791123 at *3 (S.D. Ill. Mar. 31, 2016) (approving
14 hourly rates of $460 to $998 for attorneys, $309 for paralegals, and $190 for legal
15 assistants); *Chakejian v. Equifax Info. Servs., Inc.*, 275 F.R.D. 201, 216–17 (E.D.
16 Penn. 2011) (finding hourly rates up to $700 for partners are reasonable for
17 experienced class counsel in a FCRA class action); *In re Mercedes-Benz Tele Aid
18 Contract Litig.*, 2011 WL 4020862, at *7 (D.N.J. Sept. 9, 2011) (finding reasonable,
19 in consumer class action settlement, hourly rates up to $855 for partners and up to
20 $560 for associates); *Laffey Matrix*, 7 http://www.laffeymatrix.com/see.html (last
21 visited July 3, 2017) (setting forth rates between $343 and $826 for attorneys of
22 similar experience levels). In determining a reasonable hourly rate, courts may look at
23 "national markets, an area of specialization, or any other market they believe is
24 appropriate to fairly compensate attorneys." *McHugh v. Olympia Entm't, Inc.*, 37 F.
25 App'x 730, 740 (6th Cir. 2002) (citing *Louisville Black Police Officers Org. v. City of
26 Louisville*, 700 F.2d 268, 278 (6th Cir. 1983)).

27 Based on the requested rates Class Counsel's fees total $157,285.00.
28 Significant amounts of attorney time were devoted to: 1) analyzing Defendant's

informal discovery responses related to class claims and class size; 2) settlement of this matter including mediation, settlement communications, draft and revisions of the settlement agreement; 3) pre-settlement and post-settlement motion practice including Defendant's motion to dismiss, Plaintiff's motion to proceed under pseudonym; Motion for Preliminary Approval as well as this motion; and 4) research regarding various novel and complex substantive and procedure issues surrounding this case. This amount is greater than the $133,333.33 sought. Based on the foregoing, Plaintiff respectfully submits that this factor of the analysis warrant an upward adjustment from the 25% benchmark.

### E. This Action Was Complex and Taken On a Contingency Fee Basis

Class actions are, by their very nature, complicated and time-consuming. *In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*, 248 F.R.D. 483, 504 (E.D. Mich. 2008) ("most class actions are inherently complex"); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 479-80 (S.D.N.Y. 2013). This is particular true here for all of the reasons stated above.

Nevertheless, Plaintiff's counsel undertook this action on a contingency fee basis advancing all fees and costs. Based on the foregoing, this factor also weighs in favor of awarding the requested fees.

### IV. THE COURT SHOULD AWARD THE REQUESTED EXPENSES

The requested costs are $13,632.80. As fully detailed in the attached exhibits, a significant portion of the costs is Plaintiff's portion of 50% of Mr. David Rotman's mediation fees. This amount is $10,750.00. The balance is attributable to the federal ($400) and parallel state complex complaint filing fees ($1,435.00) totaling $1,835.00. Moreover, Plaintiff's counsel incurred various travel expenses in

connection with the mediation as well as courier fees for the service of the complaint as well as pacer fees. Plaintiff's counsel believes that these amounts are reasonable under the circumstances.

The class administrator has also incurred expenses of $22,500 in the distribution of notices as well as issuance of checks to class members. In choosing the class administrator handle the notice and claims process in this matter, Class Counsel sought competitive bids from several reputable firms. The subject class administrator's costs and fees and the lowest amongst the bids submitted. The requested settlement administration costs cover, among other things, expenses incurred or estimated to be incurred for preparing the class list, preparing and mailing notices, processing opt-outs, postage, corresponding with Class Members, and phone support. The requested administration costs are fair and reasonable, and should be reimbursed from the common fund. See *Newberg on Class Actions* § 12:20 (5th ed.) ("The[] costs of paying the claims administrator, processing the claims, providing notice to the class, and generally administering the settlement is typically deducted from the settlement fund.").

## V. THE COURT SHOULD GRANT AN INCENTIVE AWARD TO PLAINTIFF

As fully set forth in Mr. Miramontes' declaration, Mr. Miramontes provided a valuable service to the class members in this case. Despite Defendant's vigorous defense forcing Plaintiff to disclose his true identity. He risked exposing his true name to other employers who could find out about his expunged records from this case or to deny him employment based on a belief that he is litigious. Declaration of Jesus X. Miramontes ("Miramontes Decl."), P. 1,¶5. Nevertheless, Mr. Miramontes sought to represent the class based on his sincere believe that if he does not continue to prosecute this action, "U.S. Healthworks will continue their unlawful activity and

11

keep hurting others like myself." Miramontes Decl., P. 1, ¶6. Moreover, Mr. Miramontes spent considerable time and effort into being informed of both of the development of this case as well as the settlement terms. Miramontes Decl., P. 2, ¶¶11-15. Accordingly, Class Counsel respectfully request this Court grant an incentive award of $5,000 to Plaintiff Miramontes.

## VI. CONCLUSION

Based on the foregoing, Class Counsel respectfully requests this court for an award of attorney's fees and costs in an amount of $133,333.33 and $13,632.80 in costs. Class Counsel also respectfully requests the grant of a service award of $5,000 for the named Plaintiff and $22,500 for the class administrator.

DATED: July 6, 2017                           **DHF LAW, P.C.**

                                              By: ___/s/ Devin H. Fok_____
                                                  Devin H. Fok
                                                  Attorney for Plaintiff

                                              **DHF LAW, P.C.**
                                              DEVIN H. FOK, Cal. Bar. No. 256599
                                              234 E. Colorado Blvd. Floor 8
                                              Pasadena, CA 91101
                                              Ph: (888) 651-6411
                                              Fax: (818) 484-2023
                                              Email devin@devinfoklaw.com

                                              **A NEW WAY OF LIFE REENTRY PROJECT**
                                              JOSHUA KIM, Cal. Bar No. 257260
                                              9512 S. Central Boulevard
                                              Los Angeles, California 90002
                                              Ph: (323) 563-3575;
                                              Fax: (323)-563-3445
                                              Email: joshua@anewwayoflife.org

# E-FILING ATTESTATION

By his signature below, counsel for Plaintiff attests that he has on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/s/) within this e-filed document and any document e-filed concurrently herewith.

DATED: July 6, 2017                       **DHF LAW, P.C.**

                                       By: ___/s/ Devin H. Fok_____
                                            Devin H. Fok
                                            Attorney for Plaintiff

                                            234 E. Colorado Blvd. Floor 8
                                            Pasadena, CA 91101
                                            Ph: (888) 651-6411
                                            Fax: (818) 484-2023
                                            Email devin@devinfoklaw.com